IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Alfred Perez-Valenzuela,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV 08-1724-PHX-DGC (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Jose Alfred Perez-Valenzuela. Doc. #1. Pursuant to a plea agreement, Petitioner pled guilty on May 3, 2004, to one count of attempted kidnaping, a class three dangerous felony under Arizona law. Doc. #10, Exh. D. On July 16, 2004, Petitioner signed a Plea Agreement Addendum in which he consented to "judicial factfinding by preponderance of the evidence as to any aspect or enhancement of the sentence." Doc. #10, Exh. E. On August 26, 2004, Petitioner was sentenced to an aggravated sentence of 15 years in prison. Doc. #10, Exh. F.

On September 8, 2004, Petitioner filed a Notice of Post-Conviction Relief under Rule 32 of the Arizona Rules of Criminal Procedure. Doc. #10, Exh. G. Through appointed counsel, Petitioner filed a Petition for Post-Conviction Relief on September 22, 2005. Doc.

#10, Exh. H. In a Minute Entry filed on April 10, 2006, the trial court, after holding an evidentiary hearing, denied the petition. Doc. #10, Exh. I. Petitioner, through counsel, sought review in the Arizona Court of Appeals but the request was denied in an order filed on April 26, 2007. Doc. #10, Exh. J, K. Petitioner's *pro se* Petition for Review in the Arizona Supreme Court was denied on September 20, 2007. Doc. #10, Exh. L, M.

Petitioner filed his *pro se* Petition for Writ of Habeas Corpus in this court on September 18, 2008. Doc. #1. He alleges three grounds for relief. In ground one, Petitioner contends that there was no factual basis to support his conviction for attempted kidnaping as a "dangerous" offense. He contends that the "dangerous" enhancement requires discharge, use or threatening exhibition of a deadly weapon, and there were no facts to support such a finding. Petitioner claims that the absence of a factual basis for his conviction violates the Fourteenth Amendment. In ground two, Petitioner alleges that his lawyer provided ineffective assistance of counsel in violation of the Sixth Amendment. Petitioner contends that his lawyer told him he would receive 7.5 years instead of the 15 he actually received. In ground three, Petitioner alleges that the trial court erroneously ruled that the State could withdraw from the plea agreement if Petitioner refused to sign a waiver of his right to a jury determination of any facts used to aggravate his sentence. Petitioner contends that as a result, the waiver was involuntary and his guilty plea invalid. On January 26, 2009, Respondents filed an Answer to Petition for Writ of Habeas Corpus Limited to Affirmative Defenses. Doc. #10. Petitioner then filed a Reply on June 18, 2009. Doc. #15.

**DISCUSSION**

Respondents contend that Petitioner's first ground for relief is barred by his guilty plea. They further contend that the Due Process Clause does not require a state court to establish a factual basis for a guilty plea. As to grounds two and three, Respondents contend that Petitioner failed to exhaust his state court remedies and the claims are procedurally defaulted.

Petitioner argues in the reply that, with respect to ground one, a conviction on a guilty plea cannot be sustained unless there is a factual basis to support each element of the offense. Regarding grounds two and three, Petitioner claims his post-conviction relief lawyer failed to present the claims to the Arizona Court of Appeals, thus excusing the procedural default.

**A.    Procedural Default**

    **1.    Legal Standards**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001). "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional

principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing Gray v. Netherland, 518 U.S. 152, 162-63 (1996)).

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. See Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are still available in state court, the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. Id. However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. Teague v. Lane, 489 U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a defendant's claim is procedurally defaulted when it is clear that the state court would hold the claim procedurally barred). The federal court will not consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Dretke v. Haley, 124 S.Ct. 1847, 1851-52 (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

**2.  Ground One**

Petitioner alleges in ground one that there was no factual basis for his guilty plea to attempted kidnaping as a "dangerous" offense. He claims that no facts show the discharge, use or threatening exhibition of a deadly weapon, which is required to establish a "dangerous" offense. Petitioner claims that the failure to show a factual basis for his guilty plea violates the Fourteenth Amendment. Petitioner fails to indicate in his petition what clause in the Fourteenth Amendment was violated, though in his reply he claims that the process was so infected as to make the resulting conviction a denial of due process.

In his petition for post-conviction relief in state court, Petitioner raised the claim that there was no factual basis for the "dangerous" element of the offense. Doc. #10, Exh. H at 7-10. Petitioner, through his counsel, cited only state court cases to support his argument.

Those cases in turn relied on other state court cases, a state rule of procedure requiring a factual basis for a guilty plea, and a federal rule of procedure from which the state rule of procedure derived. See State v. Carr, 112 Ariz. 453, 454-55, 543 P.2d 441, 442-43 (1975); State v. Coleman, 152 Ariz. 583, 586, 733 P.2d 1166, 1169 (App. 1987). None of the cases based their rulings on the Due Process Clause. See id.

Only in the very last sentence of his argument did Petitioner contend that the absence of a factual basis for the plea violates the Due Process Clause of the Fourteenth Amendment. Doc. #10, Exh. H at 10. He presented no due process cases or analysis to support his contention. Similarly, in his petition for review to the Arizona Court of Appeals, Petitioner did not explicitly reference the Due Process Clause and only referenced the Fourteenth Amendment in the last sentence of the argument. Doc. #10, Exh. J at 9. These general appeals to the Due Process Clause and the Fourteenth Amendment without any supporting authority or specific analysis are insufficient to establish exhaustion. Petitioner failed to raise a due process violation in the state courts in a way that gave the courts an opportunity to address that claim.

By failing to fairly present a due process claim in the state court, Petitioner has failed to exhaust his state court remedies. Moreover, Petitioner would no longer have a remedy if he returned to the state court.[1] As a result, the claim is procedurally defaulted. Petitioner has not alleged cause for the default and actual prejudice, nor has he shown a miscarriage of justice to overcome the procedural default. The court will therefore recommend that ground one be denied.

Alternatively, even if the claim was not procedurally defaulted, Petitioner's claim of a due process violation is without merit. The requirement that a court establish a factual basis before accepting a guilty plea is not grounded in the Constitution. U.S. v. Newman, 912 F.2d 1119, 1123 (9th Cir. 1990). "[T]he due process clause does not impose on a state

---

[1] The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

- 5 -

court the duty to establish a factual basis for a guilty plea absent special circumstances." Rodriguez v. Ricketts, 777 F.2d 527, 528 (9th Cir. 1985) (citations omitted). Thus, even though Arizona law requires its courts to develop a factual basis for a guilty plea, and Rule 11 of the Federal Rules of Criminal Procedure imposes the same requirement in federal court, the Due Process Clause imposes no such demand. Id. As a result, Petitioner's claim that his right to due process was violated must be rejected.

### 3. Grounds Two and Three

Petitioner alleges in ground two that his trial counsel provided ineffective assistance. He alleges in ground three that the waiver he signed giving up his right to a jury trial with respect to aggravating factors was invalid. Both of these claims were raised in his petition for post-conviction relief before the state trial court. Doc. #10, Exh. H at 10-17. However, after the trial court denied the petition, Petitioner failed to raise either of these claims in his petition for review to the Arizona Court of Appeals. Doc. #10, Exh. J. To properly exhaust the claims, Petitioner was required to present them to the Arizona Court of Appeals. See Swoopes, 196 F.3d at 1010. By failing to present these claims to the Arizona Court of Appeals, Petitioner has failed to give the state courts one full opportunity to resolve the issues.

The fact that Petitioner subsequently raised the claims in his petition for review to the Arizona Supreme Court does not cure the defect because exhaustion requires a fair presentation of the claims in a procedurally appropriate manner. Under Arizona rules, petitions for review to the Arizona Supreme Court are limited to issues presented to the Court of Appeals, whether decided by the Court of Appeals or not. Ariz. R. Crim. P. 31.19(c)(1). Because presentation to the Court of Appeals was required to exhaust state court remedies, Petitioner failed to exhaust these claims. As with ground one, Petitioner would no longer have a remedy if he returned to the state court. As a result, his claims are procedurally defaulted.

Petitioner contends in his reply that his post-conviction relief lawyer failed to present the claims in the petition for review before Court of Appeals. He argues that his lawyer's

ineffective assistance establishes cause for the procedural default. However, ineffective assistance of counsel can establish sufficient cause only when it rises to the level of an independent constitutional violation. Coleman, 501 U.S. at 755. Petitioner has not raised ineffective assistance of his post-conviction relief counsel as a claim in his habeas petition, nor has he presented sufficient facts to establish that his counsel's actions rise to the level of an independent constitutional violation. Accordingly, Petitioner's claim of ineffective assistance of his post-conviction relief counsel does not establish cause for the procedural default of the claims alleged in grounds two and three. Nor has Petitioner demonstrated that failing to consider these claims on their merits would result in a miscarriage of justice. The court will therefore recommend that the claims be denied.

**B.     Conclusion**

Having determined that Petitioner's three grounds for relief are procedurally defaulted, the court will recommend that the petition be denied and dismissed.

`**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the

findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. <u>See</u> Fed. R. Civ. P. 72.

DATED this 29th day of July, 2009.

_____
Edward C. Voss
United States Magistrate Judge