**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jose Alfred Perez-Valenzuela, | ) | No. CV-08-1724-PHX-DGC (ECV) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan; the Attorney General of the State of Arizona, | ) | |
| Respondents. | ) | |

On May 3, 2004, Jose Perez-Valenzuela pled guilty in state court to one count of attempted kidnaping, a dangerous felony offense. He signed a plea agreement addendum consenting to a judicial fact-finding by a preponderance of the evidence as to any sentence enhancement. The trial court sentenced him to an aggravated 15-year prison term.

Perez-Valenzuela commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. #1. United States Magistrate Judge Edward Voss has issued a report and a recommendation that the petition be denied ("R&R"). Dkt. #18. Petitioner has filed an objection. Dkt. #23. For reasons that follow, the Court will accept the R&R and deny the petition.

The habeas petition asserts three grounds for relief. The first ground alleges that there was no factual basis to support his conviction for attempted kidnaping as a "dangerous" offense and the absence of a factual basis constitutes a Fourteenth Amendment violation. Dkt. #1 at 5-7. The second ground alleges that trial counsel was ineffective, in violation of

1 the Sixth Amendment, when he advised Petitioner that the maximum sentence Petitioner would receive was 7.5 years. *Id.* at 8-10. The third ground asserts violations of the Sixth and Fourteenth Amendments based on the trial court's finding that the State could withdraw from the plea agreement if Petitioner refused to waive his right to a jury determination of any fact used to enhance his sentence. *Id.* at 11-13. The Magistrate Judge recommends that each ground be denied as procedurally defaulted. Dkt. #18 at 4-7.

The Court may accept, reject, or modify the findings and recommendations made by the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *Id.*; *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**I.     Ground One.**

The R&R finds that ground one is procedurally defaulted because Petitioner did not fairly present his Fourteenth Amendment claim to the state courts during post-conviction relief proceedings, the time to raise that claim in state court has expired, and Petitioner has not shown cause and prejudice or a miscarriage of justice sufficient to overcome the procedural default. Dkt. #18 at 5. Petitioner does not object to these findings. *See* Dkt. #23 at 2-3. The Court will therefore accept the Magistrate Judge's recommendation and deny ground one as procedurally defaulted. *See Reyna-Tapia*, 328 F.3d at 1121 ("[Section 636(b)(1)] makes clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.") (emphasis in original); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (same).

**II.    Grounds Two and Three.**

The R&R finds that grounds two and three are procedurally defaulted because Petitioner failed to present these federal claims to the Arizona Court of Appeals and he would no longer have a remedy if he returned to state court. Dkt. #18 at 6. Petitioner contends that his post-conviction relief attorney failed to raise the claims in the petition for review before the Court of Appeals and this ineffective assistance of counsel constitutes cause for the procedural default. Dkt. #23 at 3. As explained in the R&R (Dkt. #18 at 7), counsel's

1 | ineffectiveness during post-conviction relief proceedings "will constitute cause only if it is an independent constitutional violation." *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). Petitioner has not raised ineffective assistance of his post-conviction relief counsel as a claim in his habeas petition, nor has he otherwise presented facts showing that counsel's performance rises to the level of an independent constitutional violation under *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner has not established cause for the procedural default of grounds two and three. Nor has he shown that it would be a miscarriage of justice not to consider these claims. *See* Dkt. #18 at 7. The Court will accept the Magistrate Judge's recommendation and deny grounds two and three as procedurally defaulted.

**IT IS ORDERED:**

1. The Magistrate Judge's R&R (Dkt. #18) is **accepted**.
2. The petition for writ of habeas corpus (Dkt. #1) is **denied**.
3. The Clerk is directed to **terminate** this action.

DATED this 4th day of January, 2010.

_____
David G. Campbell
United States District Judge